NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CAZZIE L. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 11-884 (WJM) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES DISTRICT | : | |
| COURT FOR THE DISTRICT OF | : | |
| NEWARK, NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    CAZZIE L. WILLIAMS, Plaintiff <u>pro se</u>
    Reg. No. # 25079-050
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**MARTINI**, District Judge

    Plaintiff, Cazzie L. Williams, a federal inmate confined at the FCI Fort Dix in Fort Dix, New Jersey, at the time he submitted the above-captioned Complaint for filing, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.

    At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the Complaint should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

I.  <u>BACKGROUND</u>

Plaintiff, Cazzie L. Williams ("Williams"), brings this civil action, pursuant to 15 U.S.C. § 1692, known as the "Fair Debt Collection Practices Act," challenging his "unlawful prison debt[s]."  (Complaint, Caption).  He names the United States District Court for the District of Newark, New Jersey, the Federal Bureau of Prisons, and the United States Department of Treasury as defendants in this matter.  (Compl., Caption).  The following factual and other allegations are taken from the Complaint, and are accepted for purposes of this screening only.

Williams alleges that, on April 14, 2003, he appeared before the United States District Court for the District of Newark, New Jersey,[1] to enter a plea of "guilty" to a four count indictment "charging [no] offense" and "violating [no] laws" of the United States.[2]  (Compl., ¶ 2).  Williams further alleges that the District Court "ordered Plaintiff to pay a 'fraudulent debt' of 156 months imprisonment for a 'Bank Robbery' charge (CRNo 02-842)

_____

[1]  The proper appellation is the United States District Court for the District of New Jersey, Newark vicinage.

[2]  The brackets in the quotes from the Complaint are part of plaintiff's stated allegations in the Complaint and are not added by this Court.

2

he [never] pled guilty to making his judgment VOID."[3]  (Compl., Ground Two).

Williams further contends that the District Court ordered him "to pay a fraudulent monetary debt of <u>$105,797.85</u> based on the [unpled][4] Bill charging 'Bank Robbery' (CRNo 02-842)." (Compl., Count Three and ¶ 6).  Williams alleges that, on November 21, 2003, the District Court issued a "fraudulent 'Judgment & Commitment Order'" so as to collect the $105,797.85 restitution fee, purportedly in violation of the Fair Debt Collection Practices Act.  (Compl., Count Four and ¶ 7). Plaintiff also asserts that the District Court has committed the acts of kidnapping, extortion and racketeering to collect the "unlawful debt[s] from Plaintiff."  (Compl., Counts Five and Six, ¶¶ 8, 9).  He further alleges that the District Court placed him in "involuntary servitude" and violated the act of "peonage" to "collect the unlawful debt[s] from Plaintiff."  (Compl., Counts Seven and Eight, ¶¶ 10, 11).

In Counts Nine and Ten of the Complaint, at ¶¶ 12 and 13, Williams alleges that defendants, the Federal Bureau of Prisons and the United States Department of Treasury, have conspired with the District Court to "extort" plaintiff "of the illegal Restitution fee," and "his life, liberty, and property" based on the alleged fraudulent judgment of conviction against him.

---

[3]  <u>See</u> fn. 2 of this Opinion, <u>supra</u>.

[4]  <u>See</u> fn. 2 of this Opinion, <u>supra</u>.

3

Williams argues that the Federal Bureau of Prisons is "holding Plaintiff hostage to collect the unlawful prison debt[s]," and that all three named defendants "are conspiring to extort Plaintiff of the unlawful prison debt[s]."  (Compl., Counts Eleven and Twelve, ¶¶ 14, 15).

Williams seeks compensatory and punitive damages in excess of $390 billion.  He also demands "rescissory damages," namely, to have his freedom restored, his charges expunged from his record and the FBI database, his credit history and motor vehicle status restored and cleared, and to have his entire judgment of conviction declared null and void.  (Compl., pp. 9-11).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See</u> <u>also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  <u>See</u> <u>also</u> <u>Erickson</u>, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court

5

reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  <u>Id</u>.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed.R.Civ.P.</u> 8(a)(2).[5]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "<u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a

---

[5]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." <u>Fed.R.Civ.P.</u> 8(d).

cause of action, supported by mere conclusory statements, do
not suffice ... .  Rule 8 ... does not unlock the doors of
discovery for a plaintiff armed with nothing more than
conclusions.  Second, only a complaint that states a
plausible claim for relief survives a motion to dismiss.
Determining whether a complaint states a plausible claim for
relief will ... be a context-specific task that requires the
reviewing court to draw on its judicial experience and
common sense.  But where the well-pleaded facts do not
permit the court to infer more than the mere possibility of
misconduct, the complaint has alleged-but it has not
"show[n]"-"that the pleader is entitled to relief."  <u>Fed.
Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

a court considering a motion to dismiss can choose to begin
by identifying pleadings that, because they are no more than
conclusions, are not entitled to the assumption of truth.
While legal conclusions can provide the framework of a
complaint, they must be supported by factual allegations.
When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement to relief.

<u>Iqbal</u>, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must

now allege "sufficient factual matter" to show that a claim is

facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged."  <u>Id</u>. at 1948.  The Supreme Court's ruling in

<u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the

allegations of his complaint are plausible.  <u>Id</u>. at 1949-50; <u>see

also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>,

578 F.3d 203, 210(3d Cir. 2009).

7

Consequently, the Third Circuit observed that <u>Iqbal</u> provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[6] that applied to federal complaints before <u>Twombly</u>.  <u>Fowler</u>, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50<u>]</u>. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [<u>Id.</u>]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  <u>Iqbal</u>, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>.  See <u>Erickson v. Pardus</u>, 551 U.S. 89

---

[6]  In <u>Conley</u>, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Id</u>., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

(2007).  Moreover, a court should not dismiss a complaint with
prejudice for failure to state a claim without granting leave to
amend, unless it finds bad faith, undue delay, prejudice or
futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-
111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.
2000).

## III.  ANALYSIS

Plaintiff's Complaint seeks to invalidate Williams' federal
judgment of conviction by alleging a "fraudulent" judgment &
commitment order that imposed a term of imprisonment as well as a
restitution fine.  Indeed, Williams alleges that his judgment of
conviction should be deemed void because he never pled guilty to
an indictable crime.  Rather, he argues that he pled guilty to an
indictment "charging [no] crime" and "charging [no] jailtime."
He seeks not only damages but his release from prison and an
expungement of his criminal conviction.

This is not Williams' first attempt to invalidate his
federal conviction.  This Court will take judicial notice of
Williams' prior motion under 28 U.S.C. § 2255 to vacate, set
aside, or correct sentence, filed on March 12, 2008, in Williams
v. United States of America, Civil No. 08-1242 (JAG).  In
Williams' first § 2255 motion, the Honorable Joseph A. Greenaway,
Jr. set forth the relevant factual history, as follows:

> From September 1998 through September 2002, Petitioner
> robbed a total of 27 banks in New Jersey, Pennsylvania,
> Ohio, Maryland, and Virginia.  United States v. Williams,

151 F.App'x 160 (3d Cir. 2005).  On November 8, 2002, Petitioner was indicted for four counts of bank robbery in Newark, New Jersey; Sayreville, New Jersey; Bloomfield, New Jersey; and Paramus, New Jersey.  (Docket Entry No. 7, United States v. Williams, Crim. No. 02-842 (D.N.J. Nov. 8, 2002)[hereinafter "Indictment"].)  Subsequently, on January 21, 2003, Petitioner entered into a plea agreement, agreeing to plead guilty to the aforementioned four counts of bank robbery, and agreeing to waive venue and plead guilty to three additional counts of bank robbery in the Middle District of Pennsylvania, the Western District of Pennsylvania, and the Northern District of Ohio.  (Tr. of Plea Proceedings 5:19 - 6:5 [hereinafter "Tr."].)  On April 14, 2003, in his plea hearing before this Court, Petitioner pled guilty to these seven counts of bank robbery. Petitioner also allocuted to twenty additional bank robberies, which the Government introduced as relevant conduct in connection with sentencing.

. . .

Petitioner was sentenced on November 17, 2003 to a term of imprisonment of 156 months, Williams, 151 F. App'x at 162, which was an upward departure from the applicable guidelines range of 78 to 97 months due to Petitioner's criminal history.  Petitioner appealed this judgment on April 14, 2005, arguing that this Court's upward departure violated United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) because the sentence was based on the judge's findings of fact using a preponderance of the evidence standard, rather than the standard of beyond a reasonable doubt.  Williams, 151 F. App'x at 162. The Court of Appeals vacated this Court's judgment and remanded for re-sentencing.  Id. at 162.  On remand, Petitioner was sentenced to 156 months in prison.  (Docket Entry No. 31, United States v. Williams, Crim. No. 02-842 (D.N.J. Mar. 2, 2006) [hereinafter "Amended Judgment"].)

On March 2, 2006, Petitioner appealed for a second time. Petitioner subsequently withdrew this second appeal. (Docket Entry No. 32, United States v. Williams, Crim. No. 02-842 (D.N.J. Mar. 2, 2006) [hereinafter "Notice of Appeal re: Amended Judgment"].)

(July 22, 2009 Opinion, Williams v. United States of America,

Civil No. 08-1242 (JAG), at Docket entry no. 8, at pp. 2-3).

In his March 2008 motion under § 2255, Williams argued that his sentence should be vacated due to ineffective assistance of counsel during his plea hearing and sentencing.  In particular, Williams argued there, as here, that he pled guilty to a four-count indictment with no charges attached to it.  In denying plaintiff's § 2255 motion, Judge Greenaway found that "[t]he record fail[ed] to support Petitioner's claims that his counsel was ineffective.  S[pecifically, the record show[ed] that the indictment was not amended and 'chargeless' at the plea hearing; Petitioner was, in fact, presented with the relevant Grand Jury Indictment at the plea hearing; this Court had the authority to sentence Petitioner because he pled guilty to the charges set forth in the indictment; and this Court's subject matter jurisdiction was established by Petitioner's criminal indictment."  (Id., at pg. 11).

Thereafter, on June 7, 2010, Williams filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, again challenging the very same conviction on similar grounds that his plea of guilty to no crime rendered his judgment of conviction null and void.  (Williams v. Zickefoose, Civil No. 10-2953 (WJM)).  In an Opinion and Order entered on December 29, 2010, this Court dismissed with prejudice Williams' § 2241 habeas petition for lack of jurisdiction, finding that the habeas petition was, in fact, a prohibited second or successive § 2255

motion.  (December 29, 2010 Opinion, <u>Williams v. Zickefoose</u>,
Civil No. 10-2953 (WJM), Docket entry no. 5, pg. 7).

Williams now seeks to circumvent the above court rulings by
couching his challenge to his conviction as a civil complaint
seeking relief under the Fair Debt Collection Practices Act, 15
U.S.C. § 1692.  In particular, Williams seeks monetary damages
and his immediate release from prison, as well as an expungement
of his criminal conviction.

A habeas petition is the proper mechanism for an inmate to
challenge the "fact or duration" of his confinement, <u>see Preiser
v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973), including challenges
to prison disciplinary proceedings that affect the length of
confinement, such as deprivation of good time credits, <u>Muhammad
v. Close</u>, 540 U.S. 749 (2004) and <u>Edwards v. Balisok</u>, 520 U.S.
641 (1997).  <u>See also Wilkinson v. Dotson</u>, 544 U.S. 74 (2005).
Habeas corpus is an appropriate mechanism, also, for a federal
prisoner to challenge the execution of his sentence.  <u>See Coady
v. Vaughn</u>, 251 F.3d 480, 485-86 (3d Cir. 2001); <u>Barden v.
Keohane</u>, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where
a prisoner seeks a "quantum change" in the level of custody, for
example, where a prisoner claims to be entitled to probation or
bond or parole, habeas is the appropriate form of action.  <u>See</u>,
<u>e.g.</u>, <u>Graham v. Broglin</u>, 922 F.2d 379 (7th Cir. 1991) and cases
cited therein.

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Regardless of how Williams characterizes his pleading here, there is no doubt that he is actually challenging the validity of his conviction.  However, any such challenge must be accomplished by way of a motion under § 2255, which must be brought in the court where he was convicted and sentenced.  Here, Williams already has filed a § 2255 motion, which was denied, and which the United States Court of Appeals for the Third Circuit denied on February 9, 2010.  The Supreme Court denied a writ of certiorari on April 10, 2010.  Consequently, this action, mis-characterized as a civil complaint under the Fair Debt Collection Practices Act, is now a prohibited second or successive § 2255 motion.  Williams cannot file a second or successive § 2255 motion unless he first obtains permission from the Third Circuit, pursuant to 28 U.S.C. § 2255(h).

Consequently, this Court lacks jurisdiction over this action, and it should be dismissed accordingly.  Whenever a civil action is filed in a court that lacks jurisdiction, however, "the

court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, this Court declines to transfer this case to the Third Circuit for leave to file a second or successive petition as Williams has raised these very same challenges to his conviction on direct appeal, which was denied, and in an earlier § 2255 motion, which likewise was denied. Therefore, this Complaint will be dismissed with prejudice for lack of jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. An appropriate order follows.


s/William J. Martini


_____
WILLIAM J. MARTINI
United States District Judge

Dated:10/7/11


14